**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **WILLIAM AYERS,** : | |
| Petitioner : | |
| : | **CIVIL ACTION NO. 3:18-2093** |
| v. : | |
| : | **(JUDGE MANNION)** |
| **LACKAWANNA COUNTY** : | |
| **DISTRICT ATTORNEY'S OFFICE,** | |
| et al., : | |
| Respondents : | |

**MEMORANDUM**

**I. Background**

William Ayers, a former inmate,[1] filed this *pro se* habeas corpus petition pursuant to 28 U.S.C. §2254. (Doc. 1). Petitioner challenges a 2005 conviction imposed by the Lackawanna County Court, at CP-35-CR-0000196-2005. Id. Along with the filing of his petition, Ayers filed an application to proceed *in forma pauperis*. (Doc. 2). For the reasons outlined below, Petitioner's application to proceed *in forma pauperis* will be granted for the sole purpose of filing the instant petition, and the petition for writ of habeas corpus will be summarily dismissed, without prejudice, for this Court's lack of jurisdiction.

According to the petition, Petitioner was convicted by a jury on June 14,

---

[1] Petitioner indicates that he resides at 201 Lincoln Street, Dickson City, Pennsylvania.

2005, and on September 29, 2005, he was sentenced in the Lackawanna County Court of Common Pleas to a one (1) year term of incarceration for criminal contempt and unsworn falsification. Id. Petitioner's sentence was to run consecutive to Petitioner's Wayne County Conviction at CP-64-CR-0000589-2004.[2] See Commonwealth of Pennsylvania v. William Thomas Ayers, CP-35-CR-0000196-2005.

On July 6, 2005, Petitioner filed a direct appeal to the Pennsylvania Superior Court, which, on December 5, 2005, dismissed Petitioner's appeal for failure to comply with Pa.R.A.P. 3517, and by failing to file a statement of matters complained of on appeal. See Commonwealth of Pennsylvania v.

---

[2]The sentencing order in CP-64-CR-0000589-2004, reads as follows:

Dated July 7, 2005 Ct-1 pay costs of pros pay fine-$500.00 undergo incarceration in State Correctional Institution for 4 months to 36 months consecutive to the sentence currently being served in Lackawanna County undergo mental health evaluation, DNA sample & pay $250.00 for the costs reimburse the costs of Public Defender Ct-2 no sentence is entered pursuant to 18 Purdon's Statute, Section 906 Ct-3 undergo incarceration in State Correctional Institution for 6 months to 24 months to run consecutively to Ct-1 for a total sentence of not less than 10 months & no more than 60 months in State Correctional Institution consecutive to the sentence currently being served in Lackawanna County The Sheriff of Wayne County is to transport the Defendant to the appropriate diagnostic and classification center and thereafter to be kept, treated & fed as directed by the Deputy Commissioner for treatment following his expiration of the sentence in Lackawanna County.

Id.

2

William Thomas Ayers, 1194 MDA 2005.

On May 31, 2006, Petitioner filed a petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), seeking to have his direct appeal rights reinstated. See Commonwealth of Pennsylvania v. William Thomas Ayers, CP-35-CR-0000196-2005. By Order dated April 26, 2007, Petitioner was granted leave to file a notice of appeal *nunc pro tunc* within thirty (30) days. Id.

On May 16, 2007, Petitioner filed a direct appeal with the Pennsylvania Superior Court. See Commonwealth of Pennsylvania v. William Thomas Ayers, 880 MDA 2007.

By Order dated February 7, 2008, the Pennsylvania Superior Court affirmed Petitioner's judgment and conviction. Id.

On March 6, 2008, Petitioner filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on August 26, 2008. See Commonwealth of Pennsylvania v. William Thomas Ayers, 194 MAL 2008.

On August 29, 2008, Ayers filed a second petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"). See Commonwealth of Pennsylvania v. William Thomas Ayers, CP-35-CR-0000196-2005.

By Memorandum and Order, dated July 30, 2009, Ayer's PCRA petition was denied. Id.

On August 21, 2009, Petitioner appealed the PCRA's court's dismissal to the Pennsylvania Superior Court. See Commonwealth of Pennsylvania v.

William Thomas Ayers, 1610 MAL 2009. After a flurry of orders by the Superior Court, inquiring as to whether Ayers was currently serving the sentence imposed in the case and if a brief on the merits or a Turner/Finley no-merit letter will be filed, on May 20, 2011, counsel filed an application to withdraw.[3] Id. On August 17, 2011, the Superior Court granted counsel's application to withdraw and affirmed the PCRA Court's denial of Ayer's PCRA petition. Id.

On January 13, 2012, Petitioner filed a third PCRA petition. See Commonwealth of Pennsylvania v. William Thomas Ayers, CP-35-CR-0000196-2005. By Order dated March 11, 2013, the PCRA petition was dismissed for failing to present a cognizable claim under Commonwealth v. Lawson, 549 A.2d 107 (Pa. 1988). Id.

On September 28, 2016, Petitioner filed a fourth PCRA petition, which was dismissed based upon ineligibility, on February 6, 2017. Id.

On February 21, 2017, Petitioner filed a notice of appeal to the Pennsylvania Superior Court from the PCRA court's dismissal. See Commonwealth of Pennsylvania v. William Thomas Ayers, 325 MDA 2017. On January 29, 2018, the Pennsylvania Superior Court affirmed the PCRA court's dismissal. Id.

---

[3]On January 20, 2011, while Ayer's appeal was pending, he was released from incarceration. See Commonwealth of Pennsylvania v. William Thomas Ayers, CP-35-CR-0000196-2005.

4

On October 29, 2018, Ayers filed the instant federal habeas petition, raising various challenges to his June 2005 conviction. (Doc. 1, petition).

**II.     Discussion**

Habeas corpus petitions brought under §2254 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. §2254 (1977). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner can no longer attack his June 2005 conviction directly as Title 28 U.S.C. §2254(a) contains a jurisdictional requirement. It states that an applicant seeking habeas relief must be "in custody" pursuant to the conviction under attack. See Maleng v. Cook, 490 U.S. 488, 490-491 (1989); Obado v. State of New Jersey, 328 F.3d 716, 717 (3d Cir. 2003); 28 U.S.C. §2241(c)(3). The "in custody" determination is made at the time the section 2254 petition is filed. Carafas vs. LaVallee, 391 U.S. 234, 238 (1968). Once met, jurisdiction is not negated by the petitioner's subsequent release from custody while the petition is pending. Id.

The "in custody" requirement has been liberally construed for the

5

purposes of habeas corpus and does not require that a prisoner be physically confined in order to bring a habeas corpus petition challenging his sentence. Maleng, 490 U.S. at 492, 109 S.Ct. at 1926. The meaning of "custody" has been broadened so that it is no longer limited in the §2254(a) context to physical custody alone but also applies where individuals are subject both to "significant restraints on liberty ... which were not shared by the public generally," along with "some type of continuing governmental supervision." Barry v. Bergen County Probation Dept., 128 F.3d 152, 160 (3d Cir. 1997) (quoting Jones v. Cunningham, 371 U.S. 236, 240, 242 (1963), and Tinder v. Paula, 725 F.2d 801, 803 (1st Cir. 1984)). However, "no court has held that a habeas petitioner is in custody when a sentence imposed for a particular conviction had fully expired at the time the petition was filed." Bolus v. District Attorney of Lackawanna County, No. 3:CV-01-1990, 2001 WL 1352120, *1 (M.D. Pa. Oct. 26, 2001)(Caputo, J.); Maleng, 490 U.S. at 491. Additionally, where a petitioner suffers no present restraint resulting from an expired conviction, he is not "in custody" for the purposes of invoking federal habeas jurisdiction to challenge that conviction. Maleng, 490 U.S. at 492. Thus, clearly, "custody is the passport to federal habeas corpus jurisdiction. Without custody, there is no detention. Without detention, or possibility thereof, there is no federal habeas jurisdiction." United States ex rel. Dessus v. Pennsylvania, 452 F.2d 557, 560 (3d Cir. 1971).

At the time Ayers filed his petition he was no longer subject to the terms

of his confinement, and, as such, was not "in custody" for purposes of directly challenging his July 2005 conviction. Because of the "in custody" requirement, the Court lacks jurisdiction to entertain his petition. Accordingly, the petition will be dismissed.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:    December 10, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2018 MEMORANDA\18-2093-01.wpd